THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY W. FREEMAN, Defendant-Appellant.

Third District   No. 3—88—0482

Opinion filed April 4, 1990.—Rehearing denied May 10, 1990.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Following a bench trial, the defendant, Terry Freeman, was convicted of unlawful use of a weapon for knowingly carrying a handgun in a motor vehicle when he was not on his own land, his abode, or his fixed place of business. (Ill. Rev. Stat. 1987, ch. 38, par. 24—1(a)(4).) The trial court sentenced the defendant to one day in the county jail and ordered the defendant to pay costs of $78. The defendant appeals.

The record reveals that in the early morning hours of April 13, 1988, City of Peoria police officer Jeffrey Kice (Kice) stopped the defendant's car for failing to have a functioning license plate light. Approaching the defendant's car, Kice noticed the defendant making certain movements which led him to believe that the defendant was placing something in his pants pocket. Upon learning the defendant had no driver's license, Kice arrested and searched the defendant. A pistol cylinder was found in the defendant's left pants pocket. The defendant informed Kice that the remainder of the pistol was in the car. Kice then searched the car and located the pistol under a cardboard box on the front seat. At trial, Kice assembled the two parts of the pistol in two to six seconds.

The defendant testified that it was impossible to assemble the two parts within a few seconds and that the pistol, without its cylinder, could not be fired. The defendant stated that he separated the pistol from the cylinder in order to make the pistol inaccessible and that he transports the pistol out of fear of it being stolen.

The trial court found the defendant guilty. The court explained that it didn't believe Kice's testimony that the defendant disassembled the two parts upon Kice's approach. The court determined, however, that the defendant violated the unlawful-use-of-weapons statute because the pistol was in the defendant's immediate control.

The threshold question for this court is whether the cylinderless pistol, located under a cardboard box on the car's front seat, was "broken down in a nonfunctioning state or not immediately accessible" to the defendant within the meaning of the statutory exemption to the crime of unlawful use of weapons. (Ill. Rev. Stat. 1987, ch. 38, par. 24—2(b)(4).) We conclude the circumstances presented here fall within this exemption.

■ Section 24—1(a)(4) of the Criminal Code of 1961 does not apply to transportation of weapons broken down in a nonfunctioning

state or not immediately accessible. (Ill. Rev. Stat. 1987, ch. 38, par. 24—2(b)(4).) According to the statute, it is the defendant's burden to prove by a preponderance of the evidence that he is entitled to the exemption. Ill. Rev. Stat. 1987, ch. 38, par. 24—2(h).

The defendant claims that because he removed the pistol's cylinder prior to transporting it, he met his burden to prove, by a preponderance of the evidence, that he is entitled to the exemption. In *People v. Worlds* (1980), 80 Ill. App. 3d 628, 400 N.E.2d 85, the court determined that a gun was broken down in a nonfunctioning state where the weapon was rusted and missing a handle. Similarly, in the instant case, the pistol was also missing an essential part: the cylinder.

Furthermore, we find the analysis of the aforementioned exemption in *People v. Strompolis* (1971), 2 Ill. App. 3d 289, 276 N.E.2d 464, instructive. There, although the defendant was found guilty of unlawful use of weapons, the court acknowledged that removal of a part from a gun, making the gun nonfunctioning, exempts one from conviction under the unlawful-use-of-weapons statute. The court noted the defendant testified that a bolt was removed from the gun thereby making the gun inoperable. If the defendant's testimony was believed by the trier of fact, the court emphasized, he would not have been convicted of unlawful use of weapons because the gun would have been broken down in a nonfunctioning state.

Here, in contrast to *Strompolis*, there is no dispute that the pistol, when found, could not be fired. Kice testified that, in his opinion, the defendant disassembled the pistol upon his approach. The trial court didn't believe Kice's testimony that the defendant had disassembled the pistol upon Kice's approach. The trial court, however, found the defendant guilty due to the court's belief that the pistol was within the defendant's immediate control.

■ In our view, the pistol in the instant case was broken down, was not in immediate operating condition, and was not immediately accessible to the defendant. The broken down, cylinderless pistol could not be used as a functioning weapon at the time of the defendant's arrest. The words "broken down" refer to a disassembled weapon. (*People v. Worlds* (1980), 80 Ill. App. 3d 628, 400 N.E.2d 85, citing *People v. Strompolis* (1971), 2 Ill. App. 3d 289, 276 N.E.2d 464.) Therefore, if a weapon is broken down and hence nonfunctioning, it is by its very nature not immediately accessible. In order for this pistol to be immediately accessible, it must have been immediately capable of being fired. It was not. The fact that the pistol could be functional when the two parts were placed together is not dispositive.

The aforementioned exemption to the unlawful-use-of-weapons statute is clear. If a person is transporting a weapon which is broken down and nonfunctioning or not immediately accessible, like the pistol in the instant case, such persons are not violating the statute. We conclude the defendant met his burden of proving by a preponderance of the evidence that this exemption applies in the instant case. A broken down, cylinderless pistol, incapable of being fired, not in immediate operating condition, and not immediately accessible to the defendant, is not a deadly weapon within the purview of the unlawful-use-of-weapons statute.

For these reasons we conclude the defendant's conviction for unlawful use of weapons must be reversed.

Judgment reversed.

HEIPLE, P.J., and SCOTT, J., concur.